Sowatei LOMOTEY, Stella Agu, Plaintiffs–Appellant[1],

Rebecca Johnson, Plaintiff,

v.

DEPARTMENT OF ADMINISTRATIVE SERVICES, State of CONNECTICUT, Defendant,

Department of Transportation, State of Connecticut, Department of Mental Health and Addiction Services, State of Connecticut, Defendants–Appellees.

No. 12–1034–CV.

United States Court of Appeals, Second Circuit.

June 13, 2013.

---

1. While this appeal was pending, Sowatei Lomotey's claims were settled in the district court.

Josephine Smalls Miller, Law Office of Josephine Miller, East Hartford, CT, for Appellant.

Gregory Thomas D'Auria, Associate Attorney General (George Jepsen, Attorney General, State of Connecticut, on the brief), Hartford, CT, for Appellees.

Present: AMAYLA L. KEARSE, ROSEMARY S. POOLER and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Stella Agu appeals from the June 22, 2011 order of the United States District Court for the District of Connecticut (Bryant, *J.*) dismissing her complaint as a sanction for failing to comply with the court's discovery orders. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Parties must be given notice and an opportunity to respond before a cause of action, or potential remedy, is dismissed as a sanction for failure to comply with court orders." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 160 (2d Cir.2012). Even assuming Agu had notice that dismissal might be imposed as a sanction, she did not have an opportunity to respond. Defendant Department of Mental Health and Addiction Services moved for sanctions on June 21, 2011, and the district court granted the motion on June 22, 2011, depriving Agu of the required "opportunity to respond." On remand, the district court is free to impose any appropriate sanction it deems fit after Agu is given this opportunity.

Accordingly, the order of the district court hereby is VACATED and RE-MANDED to the district court for further proceedings consistent with this order. Each side to bear its own costs.